IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JEFFERY D. VINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 3:13-1001 |
| | ) | |
| FERGUSON ENTERPRISES, INC., | ) | Judge: Nixon |
| | ) | Mag. Judge: Griffin |
| Defendant. | ) | JURY DEMAND |

## AMENDED COMPLAINT

COMES NOW Plaintiff, by and through counsel, and alleges the following in his cause of action against Defendant: <u>Count One</u>: Violation of 42 U.S.C. 1981; <u>Count Two</u>: Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e; <u>Count Three</u>: Violations of the Tennessee Human Rights Act, T.C.A. § 4-21-10 *et seq.*; and <u>Count Four</u>: Violations of T.C.A. § 4-21-701.

1. Plaintiff, **JEFFERY D. VINSON**, ("Plaintiff") resides in Maury County, Tennessee.

2. Defendant, **FERGUSON ENTERPRISES, INC.**, is a for profit entity with its principal place of business being 111 Century Court, Franklin, Tennessee. Defendant employs more than 500 employees. Defendant can be served through its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

### JURISDICTION AND VENUE

3. This action is brought under the Civil Rights Act of 1991, 42 U.S.C. 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e; and the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq* and the common law of the State of Tennessee.

1

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff is an African-American male employee of the Defendant.

9. Ferguson Enterprises, Inc. is one of the largest distributors of plumbing supplies and pipes, valves and fittings with over 1300 locations nationwide.

10. Plaintiff was hired with Defendant in or around January 1999 as an Inside Sales Trainee. Plaintiff was eventually promoted to the position of Branch Manager. Plaintiff has received numerous awards and letters in regards to his work performance with Defendant. Plaintiff was also featured on the cover of the book "The Ferguson Extra Mile."

11. Plaintiff has trained over fifty (50) new employees for Defendant in the course of his employment. Plaintiff did his job and continues to do his job to the satisfaction of his employer throughout his employment.

12. In 1999, after he began his employment, Plaintiff and co-workers were standing around talking. A co-worker began to tell a story about shooting a pistol at some "niggers." This co-worker used the racial slur 6-8 times in front of Plaintiff. Plaintiff left the conversation as he was uncomfortable.

13. The following Monday morning, Plaintiff's General Manager David Brandt asked Plaintiff to come into his office to discuss the incident. Plaintiff reported to Mr. Brandt the sue of racial slurs by a co-employee. Mr. Brandt advised that he was sorry that Plaintiff's co-worker had used the racial term and that it was considered unacceptable behavior. Plaintiff was advised that when someone new could be trained, the co-worker would be terminated. The co-worker was not terminated or disciplined, but was later promoted to Branch Manager of Ferguson Fire and Fabrication in or about 2003.

14. Thereafter, Plaintiff was assigned an additional job duty of recruiting from career fairs at local colleges in the region. Plaintiff's job duties were to find qualified candidates for Defendant to hire. However, Plaintiff was only assigned to work the career fairs at Tennessee State University, a predominantly African American university.

15. Plaintiff complained to the Branch Trainer that he was only be assigned to Tennessee State University because of the color of his skin. Plaintiff also reported to the Trainer that he felt Defendant was giving an impression to students that it hired significant numbers of African Americans for sales, operations and management positions when in fact it did not.

14. In August 2004, Plaintiff was promoted to the position of Branch Manager of Ferguson in Franklin, Tennessee. Plaintiff was told by his General Manger Brandt, that he would be making $100,000 the following year. At this time, Plaintiff was earning $57,000 per year.

3

15. In August 2005, General Manager Brandt was promoted and replaced by Jeff Hargis. Plaintiff spoke with Mr. Hargis about his salary and Mr. Hargis disregarded Plaintiff's discussion. Plaintiff did not receive the pay raise he was promised.

16. Between 2005 and 2011, multiple promotions to the position of President/General Manager became available. None of these positions were posted for application. Then District Manager, David Brandt, made the decision who would be promoted. This is the same individual Plaintiff complained to about the racial slurs. Given his experience and success at Defendant, Plaintiff was qualified for the position each time one became available. The last President/General Manager position to be filled was in Chattanooga, Tennessee, where Plaintiff was originally from.

17. In early 2011, Kent Hodges, a Caucasian male, was hired in the position of Residential Sales Manager. Mr. Hodges was given the tour of the Franklin Ferguson store within days of being hired.

18. In or around August 2011, Plaintiff was moved to the position of Residential Sales Manager and Mr. Hodges was given Plaintiff's position of Branch Manager of the Franklin Ferguson store. Plaintiff and Mr. Hodges "swapped" positions and this was a lateral move for Plaintiff even though it was portrayed to him as a promotion. However, Plaintiff was forced to commute from Spring Hill, Tennessee to Nashville and Plaintiff's new job title covered 3 states, Kentucky, Tennessee and Alabama. Plaintiff drove 40,000 miles for work in one year. This was a less desirable position.

19. In or around July 2012, Plaintiff was asked by his General Manager Hargis to take the position of Branch Manager back for the Franklin Ferguson store. Kent Hodges was

terminated for sub-standard work and could not perform his job duties to the standard that Defendant required. Plaintiff returned to the Franklin Ferguson store as a Branch Manager.

20. Plaintiff was asked to remove Mr. Hodges personal items from his desk wherein he found Mr. Hodges' check stub reflecting that Mr. Hodges was earning $11,000 per month. Plaintiff was only earning $6,000 per month. Plaintiff had been there longer than Mr. Hodges and as Branch Manager was performing the same job duties. Mr. Hodges was making $130,000 per year prior to bonuses wherein Plaintiff was earning $72,000 per year prior to bonuses. Plaintiff was being paid less per year than his Caucasian counterpart in the same position.

21. During the Christmas break in 2012, a couple of employees were sitting around discussing what they were going to be doing for the break. One of the employees stated that he was going to go to Memphis to visit family. Another employee replied to him, "You mean Memfrica." Plaintiff took this to mean Memphis/Africa. The first co-worker laughed and said, "Yeah, Memfrica!" Another employee, Plaintiff's subordinate, came to Plaintiff and apologized for the comment and that Plaintiff had been present for the conversation. This was extremely embarrassing and humiliating for Plaintiff.

22. In August 2013, Plaintiff received the sales figures for the fiscal years of 2011/2012 and 2012/2013. Plaintiff increased sales by $200,000 and lowered expenses, which was during the time period Mr. Hodges was Branch Manager of Franklin's Ferguson store. This was a clear indication that Plaintiff was performing at a higher standard than his Caucasian counter-part but being paid less.

23. Throughout his employment, Plaintiff was treated differently from co-workers of another race. Plaintiff filed is EEOC Charge and was issued his Right to Sue letter.

5

## COUNT ONE
### Violations of 42 U.S.C. 1981 Against Defendant

24. Defendant's discrimination and retaliation were part of a knowing and intentional pattern of discrimination in violation of the 42 U.S.C. 1981.

25. As a direct and proximate result of Defendant's violation of the 42 U.S.C. 1981, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, and suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

## COUNT TWO
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e

26. Plaintiff filed his charge with the EEOC and demanded his Right to Sue letter.

27. Ferguson Enterprises, Inc., employs over 500 employees.

28. During all times complained herein, Ferguson Enterprises, Inc., was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such Ferguson Enterprises, Inc. is subject to the rules, regulations and penalties of this law.

29. Defendant engaged in, condoned, and ratified discriminatory conduct of its employees which resulted in a racially hostile work environment.

30. Defendant is directly or vicariously liable for race discrimination under Title VII which results from the discriminatory practices and policies of Ferguson Enterprises, Inc.

31. This discrimination on the part of Ferguson Enterprises, Inc. constitutes a violation of the Plaintiff's rights under Title VII.

32. The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of compensation, wages back and front pay, and other

employment benefits. Plaintiff has suffered emotional distress, humiliation, indignity and resulting injury and loss along with other damages.

## COUNT THREE
### Violations of the Tennessee Human Rights Act Against Defendant

33. The Defendant described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.*

34. Defendant is a "person" as defined by the Tennessee Human Rights Act.

35. Defendant did segregate or classify Plaintiff based upon his race in a way that would tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee in violation of T.C.A. § 4-21-401.

36. As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

WHEREFORE, Plaintiff prays:

1. For a jury to be empanelled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. Damages for outrageous conduct and malicious harassment;

6. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

7. A judgment against Defendant for prejudgment interest; and,

8. Such other relief as this Court deems proper.

7

Respectfully submitted;

**ALLMAN & ASSOCIATES**

/s/ Andy L. Allman
ANDY L. ALLMAN, # 17857
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
T: (615) 824-3761
F: (615) 264-2720
andylallman@comcast.net

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the above-referenced pleading has been filed with the U.S. District Court and served on the following via CM/ECF on this the 11th day of November, 2013:

Mary Dohner Smith, Esq.
Sarah M. Jones, Esq.
Constangy, Brooks & Smith, LLP
401 Commerce Street, Suite 1010
Nashville, Tennessee 37219

/s/ Andy L. Allman